IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN N. PRATT, #S-07125,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01102-SMY |
| | ) | |
| **ROBERT HERTZ, JOHN LAKIN,** | ) | |
| **GARY BOST, ROBERT HOLLENBECK,** | ) | |
| **LT. HILL, TONY COURT,** | ) | |
| **ARLEY FOSTER, MATTHEW DOVER,** | ) | |
| **MYRON THOMPSON, MIKE HARE,** | ) | |
| **JODIE COLEMAN, PAUL SARHAGE,** | ) | |
| **STEVE RIDINGS, TIM WALKER,** | ) | |
| **DON MCNAUGHTON,** | ) | |
| **CRAIG REICHART, TOM SCHMIDT,** | ) | |
| **and MATT MILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Brian Platt, who is currently confined at Graham Correctional Center in Hillsboro, Illinois, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action occurred while Plaintiff was a pretrial detainee at Madison County Jail ("Jail"). (*See* Doc. 1).

### Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The events giving rise to this complaint occurred between June 2014 and July 2015 while Plaintiff was confined as a pretrial detainee at the Madison County Jail ("Jail"). (*See* Doc. 1). Plaintiff claims that during this time period he was exposed to various conditions that he asserts violated his constitutional rights.

Plaintiff worked as a "trustee" at the Jail, and on three separate occasions he was ordered by Gus Navarette[1] and Defendants McNaughton and Hill to clean up feces, blood, and urine that had been deliberately thrown by other detainees housed on the E-South block who were acting out. *Id*. at 12. Plaintiff states that he was never provided with the proper gear (i.e., gloves, ventilation mask) when ordered to clean up and that he was forced to come in direct contact with human waste. *Id*.

In addition, on multiple occasions, Plaintiff was directly exposed to large amounts of raw sewage when the sewer drains and toilets at the Jail backed up causing human waste to flow throughout the Jail, including into his own cell. *Id*. at 13-14. During the month of September 2014, raw sewage repeatedly seeped out of the drain in the shower area. *Id*. at 14. Plaintiff was forced to shower in the midst of human waste. On another day in May 2015, Plaintiff and other

---

[1] Plaintiff does not list Navarette as a defendant, although he refers to him as such in the complaint.

detainees were forced to endure a sewage backup in the toilets of their cells overnight. *Id*. at 22. Plaintiff claims that he notified Defendants Lakin, Bost, Dover, Coleman, Ridings, Sarhage, and Hare about the overnight sewage issue, but again, no one took any action to address the sewer problems. Plaintiff maintains that all of the Defendants were made aware of the sewer backup problem, but again, none of the Defendants took any action to address the sewage issues. As a trustee, Plaintiff was ordered by Defendants Schmidt, Reichart, and Walker to clean up the raw sewage caused by the backups, but he was never provided the proper gear to protect himself from the unsanitary conditions. In addition, Plaintiff and other detainees were never provided appropriate cleaning supplies to adequately disinfect their personal living spaces. *Id*. at 16. Adding insult to injury, the raw sewage problem caused the Jail to be infested with black raw sewage flies and larvae, which Plaintiff maintains flew in to his mouth, nose, and food. *Id*. at 28. Exposure to the waste and insects caused Plaintiff to suffer severe headaches, stomachaches, loss of appetite, emotional distress, and sleeplessness. *Id*. at 15.

Plaintiff contends that Defendants Hertz, Bost, and Bunt[2] should have directed the health care unit to provide follow-up medical exams for detainees who had come in direct contact with the raw sewage, but that detainees were never offered any medical attention. *Id*. Plaintiff further asserts that Defendant Bost should adopt a policy that any detainee exposed or in direct contact with raw sewage should receive medical attention, free of charge. *Id*.

In addition to the sewage problem, Plaintiff complains that the Jail was infested with ants from April 14 through May 11, 2015. *Id*. at 21. During that month, Plaintiff was awoken on several occasions to ants crawling all over his face and body. *Id*. Plaintiff personally notified Defendants Sarhage, Ridings, Walker, Schmidt, Reichart, and Bost about the ant infestation, but none of these Defendants took any steps to address the ant issues. *Id*. at 22.

---

[2] Bunt is another individual who is not listed as a defendant, but who is referred to here as such.

Plaintiff additionally claims that jail officials have adopted a meal schedule that forces detainees to wait 15 hours between dinner, which is served at 4:30 p.m., and breakfast, which is served at 7:30 a.m. *Id*. at 28. He alleges that the meals are nutritionally inadequate, which causes detainees to suffer both mentally and physically. *Id*. Plaintiff contends that Defendants Hertz, Lakin, and Bost are responsible for adopting the meal policy and that Defendants Hollenbeck, Foster, Court, Dover, Thompson, Walker, McNaughton, and Hare were notified about the small portions of food, but did nothing to address the issue. *Id*. at 27.

Plaintiff also contends that the law library does not contain adequate resources and the Jail does not employ individuals who are capable of assisting detainees with legal matters. Moreover, Plaintiff complains that his time to access resources in the library was very limited. Plaintiff further asserts that while at the Jail he was unable to obtain adequate writing supplies. *Id*. at 29. Plaintiff claims that he asked Defendants Hill and Hollenbeck about using a copy machine and getting access to a notary public, but was told that the Jail didn't have either. *Id*. Plaintiff contends that Defendant Bost, as a policymaker, should ensure that detainees have the resources necessary to properly address their legal matters. *Id*.

Lastly, Plaintiff asserts that he was taken to the recreational gym only four times in 17 months. *Id*. at 30. Plaintiff complained to several Defendants about the lack of recreational time. Defendants responded that the dayroom provides detainees with recreational time. Plaintiff contends that the dayroom is "(10) feet by (25) feet in space with a shower/toilet/sink, a (12) foot table in the middle of dayroom, (2) phones and a (17) inch T.V., with (16) other detainees" and that most of the time "there is a detainee with a [mattress] sleeping" in the dayroom due to overcrowding at the Jail. *Id*. Defendant maintains that all of the Defendants

were aware of this practice and that he has specifically written complaints to Defendant Bost regarding this policy. *Id*.

## Legal Standard for Pretrial Detainees

"Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit recently explained,

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

To state a claim challenging the conditions of confinement, a detainee must first allege that he has been subjected to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). This analysis examines whether the conditions of confinement exceeded the contemporary bounds of

5

decency of a mature civilized society. *Id.* Jail conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In addition, a detainee must allege that defendants "purposely or knowingly" acted (or failed to act) or acted with criminal recklessness to create the conditions. *See Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *6 (U.S. June 22, 2015). Following the United States Supreme Court's *Kingsley* decision, it is unclear whether a detainee challenging the conditions of his confinement must also allege that the defendant acted maliciously and sadistically with the intent to cause harm, or whether an allegation that defendant's actions were objectively unreasonable will suffice. In *Kingsley*, the Court adopted the "objectively unreasonable" standard for pretrial detainees' excessive force claims, but did not explicitly state that this is the standard for conditions claims under the Fourteenth Amendment. Until this Court receives further guidance on the appropriate standard to be applied in these cases, the Court will allow claims that otherwise state a conditions of confinement claim under the Fourteenth Amendment to pass its threshold screening under 28 U.S.C. § 1915A(a).

## Discussion

The Court finds it convenient to divide the complaint into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** All Defendants (plus Gus Navarette) subjected Plaintiff to unsafe and unsanitary conditions of confinement when they failed to prevent and/or limit Plaintiff's exposure to raw sewage, sewage flies, and an ant infestation.

6

**Count 2:** Defendants Hertz, Lakin, Bost, Hollenbeck, Foster, Court, Dover, Thompson, Walker, McNaughton, and Hare denied Plaintiff access to reasonable and adequate nutrition in violation of the Fourteenth Amendment.

**Count 3:** Defendants Hertz, Bost, and Bunt failed to provide medical care to Plaintiff following his direct exposure to raw sewage.

**Count 4:** Defendant Bost failed to provide Plaintiff with reasonable access to the law library and other legal resources.

**Count 5:** Defendants denied Plaintiff an adequate opportunity to exercise in violation of the Fourteenth Amendment.

Plaintiff has provided a long, meandering narrative of his claims in a 34-page complaint and an 8-page affidavit. (*See* Doc. 1). The complaint does not delineate specific counts nor does it always clearly associate specific Defendants with specific claims. Moreover, under the section entitled "Defendants" on the Court-provided complaint form, Plaintiff lists 18 Defendants. However, Plaintiff refers to additional individuals as "Defendants" throughout the complaint and in his prayer for relief. In addition, some of the individuals identified as Defendants on the complaint form are *not* listed as Defendants in other places where Plaintiff purportedly lists all Defendants (i.e., p. 5, paragraph 2; p. 34, under the section entitled prayer for relief). This makes it particularly difficult for the Court to determine who Plaintiff seeks to hold liable, particularly when he makes blanket statements such as "Defendants were all aware of [the problem]" (*see e.g.,* p. 30).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that

individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Under each Count, except Count 1, the Court has listed Defendants that Plaintiff specifically identified as personally responsible for the alleged constitutional violation. Because the conditions described under Count 1 were so pervasive and occurred over such an extended period of time, the Court has included all of the Defendants Plaintiff identified under the "Defendants" section on the Court-provided complaint form. In addition, the Court will direct the Clerk of Court to add Gus Navarette as a defendant and Plaintiff shall be allowed to proceed against him, in addition to all of the other named Defendants, under Count 1.

**Count 1:** **All Defendants (plus Gus Navarette) subjected Plaintiff to unsafe and unsanitary conditions of confinement when they failed to prevent and/or limit Plaintiff's exposure to raw sewage, sewage flies, and an ant infestation.**

**Count 2:** **Defendants Hertz, Lakin, Bost, Hollenbeck, Foster, Court, Dover, Thompson, Walker, McNaughton, and Hare denied Plaintiff access to reasonable and adequate nutrition in violation of the Fourteenth Amendment.**

Plaintiff has adequately stated a condition of confinement claim under Counts 1 and 2. Further factual development is necessary to determine which of the named Defendants may be liable. Therefore, at this juncture, Plaintiff may proceed on Counts 1 and 2 against the Defendants identified above.

<u>Claims Subject to Dismissal</u>

**Count 3:** **Defendants Hertz, Bost, and Bunt failed to provide medical care to Plaintiff following his direct exposure to raw sewage.**

Plaintiff alleges that following his exposure to raw sewage he suffered headaches, stomachaches, as well as other physical and emotional ailments. He asserts that medical care was never offered to him or other detainees, but he never alleges that he *requested* medical attention and was denied treatment. Perhaps Plaintiff did request medical attention and it was

denied or delayed, but Plaintiff does not suggest this was the case. Failure to *offer* medical care does not violate the Fourteenth Amendment. For this reason, Count 3 shall be dismissed without prejudice.

**Count 4:** **Defendant Bost failed to provide Plaintiff with reasonable access to the law library and other legal resources.**

In order to proceed on an access to courts claim, an inmate must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The complaint does not suggest that Plaintiff suffered any "actual substantial prejudice to specific litigation." *Kincaid*, 969 F.2d at 603. Instead, Plaintiff merely claims that his access to the law library and other resources has been inadequate. Accordingly, Count 5 shall be dismissed without prejudice.

**Count 5:** **Defendants denied Plaintiff an adequate opportunity to exercise in violation of the Fourteenth Amendment.**

The Seventh Circuit has recognized that "lack of exercise can rise to a constitutional violation '[w]here movement is denied and muscles are allowed to atrophy [ ] [and] the health of the individual is threatened.'" *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (citations omitted). Here, Plaintiff alleges that he was denied "recreational time" in the "recreational gym," and he suggests that the dayroom is crowded, but he does not allege that he was unable to *exercise* in his cell or the dayroom. More is needed to state a sufficiently serious constitutional

9

deprivation. *See Smith*, 803 at 313 (finding that allegation of a lack of outdoor recreation time does not rise to the level of a constitutional claim). As such, Count 5 shall also be dismissed without prejudice.

### Disposition

The Clerk of Court is **DIRECTED** to **ADD GUS NAVARETTE** as a Defendant to this case.

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** against Defendants **HERTZ, LAKIN, BOST, HOLLENBECK, HILL, COURT, FOSTER, DOVER, THOMPSON, HARE, COLEMAN, SARHAGE, RIDINGS, WALKER, MCNAUGHTON, REICHART, SCHMIDT, MILLER**, and **NAVARETTE.**

**IT IS FURTHER ORDERED** that Plaintiff may proceed on **COUNT 2** against Defendants **HERTZ, LAKIN, BOST, HOLLENBECK, FOSTER, COURT, DOVER, THOMPSON, WALKER, MCNAUGHTON,** and **HARE**.

**IT IS FURTHER ORDERED** that **COUNTS 3, 4,** and **5** are **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall prepare for Defendants **HERTZ, LAKIN, BOST, HOLLENBECK, HILL, COURT, FOSTER, DOVER, THOMPSON, HARE, COLEMAN, SARHAGE, RIDINGS, WALKER, MCNAUGHTON, REICHART, SCHMIDT, MILLER**, and **NAVARETTE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent,

the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE
United States District Judge
