UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN N. PRATT,

    Plaintiff,

v.

ROBERT HERTZ, JOHN LAKIN, GARY BOST, ROBERT HOLLENBECK, LT. HILL, TONY COURT, ARLEY FOSTER, MATTHEW DOVER, MYRON THOMPSON, JODIE COLEMAN, PAUL SARHAGE, STEVE RIDINGS, DON MCNAUGHTON, TIM WALKER, MIKE HARE, CRAIG REICHART, TOM SCHMIDT, MATT MILLER, and GUS NAVARETTE,

    Defendants.

Case No. 15-cv-1102-JPG-RJD

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 75) of Magistrate Judge Reona J. Daly recommending that the Court grant in part and deny in part the motion to dismiss filed by various defendants (Doc. 39), which was converted to a motion for summary judgment because matter beyond the complaint was attached to the motion. Specifically, Magistrate Judge Daly recommends the Court (1) grant the motion to the extent it seeks summary judgment on a claim against defendant John Lakin in his official capacity as sheriff of Madison County based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978), but (2) deny the motion in all other respects. The defendants object to the portion of the Report recommending their motion be denied (Doc. 76).

**I.**     **Report Review Standard**

    The Court may accept, reject or modify, in whole or in part, the findings or

recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. The Report

This matter arose following plaintiff Brian N. Pratt's stint as a pre-trial detainee in the Madison County, Illinois, jail from April 2014 to August 2015. He alleges that he was subject to unsanitary conditions such as raw sewage, human waste, and insect infestation because he was ordered to clean up human waste without proper protective equipment and because he was exposed to repeated sewage backups (Count 1) and that he was not provided meals of adequate nutrition on a reasonable schedule (Count 2). He asserts those conditions violated his due process rights under the Fourteenth Amendment.

In the Report, Magistrate Judge Daly found that there was a genuine issue of material fact regarding whether the conditions described in Count 1 were objectively harsh enough to amount to unconstitutional conditions. She specifically notes the dispute about the frequency of the sewage and excrement exposure.

With respect to Pratt's claims against Lakin in his official capacity as sheriff of Madison County, Magistrate Judge Daly found no suggestion of any municipal policy or custom that could be attributable to the sheriff's office or that would subject the sheriff's office to liability under *Monell*. She finds, however, that there is evidence from which a reasonable jury could find Pratt complained to Lakin of the conditions of his confinement, but Lakin failed to act to alleviate those

conditions. She believes that is enough to keep Lakin in this case in his individual capacity.

With respect to Pratt's claims against Gary Bost, superintendent of the Madison County Jail, Magistrate Judge Daly found that Bost's admitted awareness of the sewage backups and jail pest problems was sufficient to allow a reasonable jury to find he was deliberately indifferent to them.

Finally, Magistrate Judge Daly found that the defendants' lack of the power and finances to control conditions at the jail as a whole does not negate a finding of deliberate indifference in light of the fact that the defendants may have been able to take other actions to alleviate Pratt's conditions of confinement short of wholesale improvements to the jail.

**III.  Analysis**

    A.    <u>Count I</u>

The defendants object to the Report's conclusion as to Count 1, arguing that the exposure to raw sewage was limited, Pratt was provided with cleaning supplies, and they treated the insect infestation. They further argue there is no evidence of the defendants' deliberate indifference.

The Court finds in its *de novo* review that there is a genuine issue of material fact regarding whether the conditions of confinement amounted to a serious health risk either because they were inhumane or because inadequate cleaning and protective supplies were provided to Pratt. Pratt's affidavit, which even if self-serving is appropriate to resist summary judgment so long as it is based on personal knowledge, *see Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003), describes persistent conditions a jury could reasonably find inhumane and an inadequate response to those conditions.

As for evidence of deliberate indifference, Pratt says he submitted written grievances to

Lakin and Bost about his conditions of confinement and nothing was done to change those conditions. The Seventh Circuit Court of Appeals held in *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), "An inmate's correspondence to a prison administrator may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." Thus, the evidence of Pratt's complaints to Lakin and Bost is arguably sufficient for a reasonable jury to conclude Lakin and Bost were deliberately indifferent. It is important to note that these jail officials cannot be held liable under a *respondeat superior* theory for the actions of their subordinates, *Simpson v. Brown Cty.*, 860 F.3d 1001, 1005-06 (7th Cir. 2017), but they can be held liable for failing to exercise their authority to take action to investigate and rectify a constitutional violation about which they were aware. *Perez*, 792 F.3d at 782.

As for the other defendants, Pratt's sworn complaint asserts that defendants Maynard Hill, Tim Walker, Donald McNaughton, Craig Reichart, Tom Schmidt, and Gus Navarette ordered Pratt, when he was a jail trustee, to clean up human waste and/or raw sewage with insufficient protective gear. Pratt also swears in his complaint that the other Count 1 defendants personally knew of the allegedly inhumane living conditions because either they were present during the sewage backups or Pratt asked them for help and because they did nothing to provide adequate cleaning supplies or to otherwise reasonably respond to the conditions. These defendants are not entitled to summary judgment because a reasonable jury could find their response amounted to deliberate indifference.

Although no party objects to Magistrate Judge Daly's recommendation to dismiss Pratt's claim in Count 1 under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court

believes Pratt has presented sufficient evidence from which a reasonable jury could conclude that the Madison County sheriff's office had a widespread custom or practice of inadequately addressing sewage and human waste problems in the jail – an apparently known common occurrence – that led to insect infestations and posed health and safety risks to detainees.[1] The evidence could support a finding of a systematic problem rather than one or two mere isolated incidents. *See Daniel v. Cook Cty.*, 833 F.3d 728, 734 (7th Cir. 2016). A reasonable jury could further find that the custom or practice was tacitly endorsed by the sheriff, the policymaker for the sheriff's office, by his failure to take action to investigate and alleviate the problem once he became aware of it. *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (municipal liability can exist where "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision"). The Court will therefore not grant summary judgment for Lakin in his official capacity on Count 1.

For these reasons, the Court declines to grant summary judgment to the defendants on Count 1.

B. Count 2

Lakin and Bost object to Magistrate Judge Daly's recommendation not to dismiss them from Count 2. They argue there is no evidence they were aware of or otherwise involved in the meals served at the jail. They also advance arguments regarding the nutritional value of the meals served, but they did not include those arguments in their original motion, so the Court declines to

---

[1] The defendants incorrectly state that an official capacity claim against Lakin is the same as a claim against Madison County. Actually, in Illinois a sheriff is an independently elected constitutional official who is not an agent or employee of the county where he was elected. Ill. Const. art. 7, § 4(c); 55 ILCS 5/3-6008; *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994). Thus, an official capacity claim is against the sheriff himself, not the county from which he is elected. It is true that the county may be responsible for paying a judgment against a sheriff in his official capacity, but the judgment is against the sheriff. *See Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947 (7th Cir. 2003).

consider them here. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (finding argument raised for the first time in an objection are ordinarily waived).

Following a *de novo* review of the matter, the Court concludes that no reasonable jury could find Lakin or Bost liable for inadequate nutrition or unreasonable meal times in the jail. In his complaint and in his response to the defendants' motion (Doc. 47), Pratt asserts that other defendants in Count 2 were personally addressed about the alleged meal problem but that Lakin and Bost are responsible because they are policymakers and supervisors. However, as noted above, they cannot be liable on a *respondeat superior* theory, and there is no evidence – other than Pratt's speculation – that Lakin or Bost had actual knowledge of any problems with the meals served to Pratt or the meal schedule. In the absence of such evidence a reasonable jury could not find they were deliberately indifferent to Pratt's needs. The Court will therefore grant summary judgment for Lakin and Bost on Count 2.

**IV.    Mailing Address**

One further matter deserved attention. The copy of the Report sent by the Clerk's Office to Pratt at the address he provided the Court on April 25, 2017, was returned as unclaimed (Doc. 7). While it is under no obligation to do so, the Court searched the Illinois Department of Corrections website in an attempt to locate Pratt and has found that he is now on parole. The Court does not, however, have any address for Pratt other than the address he provided in April 2017.

Pratt has a continuing obligation under Local Rule 3.1(b) to keep the Clerk's Office informed of changes in his location in writing within seven days after a transfer or other change in address. He was warned of this obligation in the Court's referral order (Doc. 7), and he has done

6

this on two occasions (Docs. 6 & 74). Since Pratt knows of his obligation to keep his address current, the Court believes Pratt's failure to do so indicates a loss of interest in prosecuting this case. Accordingly, the Court will direct Pratt to show cause why the Court should not dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and for failure to obey a Court order.

## V. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 75);

- **OVERRULES in part** and **SUSTAINS in part** the defendants' objections (Doc. 76);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 39). The motion is granted to the extent it seeks summary judgment on Count 2 against Lakin and Bost but denied in all other respects;

- **DISMISSES with prejudice** Count 2 against Lakin and Bost;

- **ORDERS** Pratt to **SHOW CAUSE** on or before August 18, 2017, why the Court should not dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to obey a Court order when he failed to keep the Court apprised of his current address;

- **WARNS** Pratt that if he fails to timely respond to this order to show cause, the Court will construe his failure as an abandonment of this case and will dismiss this case with prejudice pursuant to Rule 41(b) for failure to prosecute; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: July 31, 2017**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**